Sammy K. SHIPMAN, Plaintiff–
Appellant,

v.

John DOE, No. 001 San Angelo Police
Department; Paul Kinyon, Pharma-
cist Heb; Gerald A. Fohn, District At-
torney Tom Green Co. Texas; Frank
D. Brown, Assistant District Attorney
Tom Green Co. Texas; William
Moore, Attorney at Law; Curt F.
Steib, Senior District Judge Tom
Green County Texas; TX Tom Green
County; Sheri Woodfin, District Clerk
Tom Green County Texas, Defen-
dants–Appellees.

No. 03–10592.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 30, 2003.

Sammy Keith Shipman, pro se, Texas
Department of Criminal Justice, Kenedy,
TX, for Plaintiff–Appellant.

Before SMITH, DEMOSS and
STEWART, Circuit Judges.

PER CURIAM.*

Sammy K. Shipman, Texas prisoner
# 583548, appeals the district court's dis-
missal with prejudice of his 42 U.S.C.
§ 1983 complaint as frivolous. Shipman
argues his arrest was unconstitutional be-
cause a pharmacist cannot dispense medi-
cation for the purpose of a police investiga-
tion; the prosecutors, his defense counsel,
and the clerk of court are not absolutely
immune from suit for monetary damages;
the trial judge is not absolutely immune
from suit for declaratory and injunctive
relief; the district court erred in denying
his motion to amend his complaint; the
district court erred in finding his claims
were barred by the statute of limitations;
and the county is liable for the acts of its
officials who conspired to violate his consti-
tutional rights. He has abandoned his
claim that the county is liable for keeping
an "open file." *See Yohey v. Collins,* 985
F.2d 222, 224–25 (5th Cir.1993).

We review the district court's dismissal
of Shipman's complaint as frivolous for an
abuse of discretion. *Gonzales v. Wyatt,*
157 F.3d 1016, 1019 (5th Cir.1998). The
dismissal of Shipman's claims for mone-
tary, declaratory, and injunctive relief,
based upon the defendants' alleged con-

---

spiracy to unconstitutionally arrest, convict, and imprison him, was not an abuse of discretion. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Brandley v. Keeshan,* 64 F.3d 196, 199 (5th Cir.1995); *Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see also Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Moreover, as the claims sought to be raised in Shipman's amended complaint were frivolous, the failure of the district court to consider those claims was harmless. *See* FED. R. CIV. P. 15(a); FED. R. CIV. P. 61; *Heck,* 512 at 486–87, 114 S.Ct. 2364; *Gonzales,* 157 F.3d at 1019; TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a).

Shipman's appeal is without arguable merit and is DISMISSED as FRIVOLOUS. *See Howard v. King,* 707 F.2d 215, 219–20 (5th Cir.1983); 5TH CIR. R. 42.2. The district court's dismissal of Shipman's complaint under 28 U.S.C. § 1915 and this court's dismissal of his appeal as frivolous count as strikes under 28 U.S.C. § 1915(g). *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir.1996). We caution Shipman that if he accumulates three "strikes" under 28 U.S.C. § 1915(g) he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Shipman's motion to expedite his appeal is DENIED.

APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED; MOTION DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.